UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME TALLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>BEN SIAS, DAVID W PETERSON, COREEN E SCHNEPF, JEANETTE M DALTON, ANNA M LAURIE,<br><br>    Defendants. | CASE NO. 3:15-CV-05501-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: September 4, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Jerome Talley filed an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkts. 1, 3. Plaintiff's complaint is unclear but it appears that he alleges that his Sixth Amendment and due process rights were violated during an arrest that occurred in June, 2015. Dkt. 1. He is attempting to bring a claim against five (5) defendants, including the two Washington State Superior Court judges. *Id.* The Court recommends denying plaintiff's motion to proceed IFP because plaintiff has, on three or more

REPORT AND RECOMMENDATION - 1

1 occasions, filed actions that the courts have deemed frivolous or failed to state a claim and
2 plaintiff is not under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

3                                                          DISCUSSION

4       Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or
5 more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be
6 precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is
7 under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Thompson v.*
8 *Stafford Creek Corr. Ctr.,* No. C09-5502BHS, 2010 WL 2605223, at *1 (W.D. Wash. June 25,
9 2010) (when a state provides an adequate post-deprivation remedy for an unauthorized taking of
10 property, there is no cause of action under § 1983 and dismissal of plaintiff's claim counts as a
11 strike pursuant to § 1915(g)).

12      This court may take notice of judicial proceedings in another court. *See U.S. ex rel.*
13 *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A
14 review of the court records from this district and the Eastern District of Washington demonstrate
15 that plaintiff has filed at least thirteen (13) cases while incarcerated. Four (4) of these cases were
16 dismissed as frivolous or for failure to state a claim. The first strike occurred in *Talley v.*
17 *Holevinski,* (Eastern District Case No. 02:99-cv-5036); that case was dismissed on January 18,
18 2000 for failure to state a claim. The second strike occurred in *Talley v. Bailey et al.*, (Western
19 District Case No. 2:08-cv-00677-TSZ); that case was dismissed on June 27, 2008 for failure to
20 state a claim because state law provided an adequate post-deprivation remedy. Plaintiff's third
21 strike occurred in *Talley v. Bailey et al. (II)*, (Western District Case No. 2:08-cv-00752-RSM);
22 that was dismissed on July 16, 2008 for failure to state a claim because state law provided an
23 adequate post-deprivation remedy. Plaintiff's fourth strike occurred in *Talley v. Rogers,* (Western
24

1  District Case No. 2:08-cv-01761-TSZ); that was dismissed on January 13, 2009 as frivolous and
2  for failure to state a claim.

3  Therefore, plaintiff may not proceed unless he can show that he is "under imminent
4  danger of serious physical injury." 28 U.S.C. § 1915(g); *see Andrews v. King*, 398 F.3d 1113,
5  1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district
6  court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate
7  burden of persuading the court that § 1915(g) does not preclude *IFP* status"). Plaintiff's
8  complaint raises issues of that his due process and Sixth Amendment rights have been violated
9  and plaintiff does not appear to be in imminent danger of physical injury. *See* Dkt. 1.

10  Accordingly, the Court recommends denial of plaintiff's application to proceed *in forma*
11  *pauperis* because he is barred from proceeding without payment of the filing fee and he has not
12  shown that he is in imminent danger of serious physical injury. If plaintiff intends to pursue his
13  complaint, he is advised that as a three-strikes litigant, he must pay the $400 filing fee to proceed
14  with his action.

15  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
16  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
17  6. Failure to file objections will result in a waiver of those objections for purposes of de novo
18  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
19  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
20  September 4, 2015, as noted in the caption

21  Dated this 7th day of August, 2015.

J. Richard Creatura
United States Magistrate Judge